ATTORNEYS FOR APPELLANT
Karen L. Withers
Robert G. Zeigler
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

Ashley E. Tatman
Heather L. Hagan
Frances Barrow
Deputy Attorneys General
Indianapolis, Indiana

In the

# Indiana Supreme Court



FILED
Jun 01 2010, 3:49 pm
CLERK
of the supreme court,
court of appeals and
tax court

No. 93S02-0907-EX-308

LISA M. BECKINGHAM,

*Appellant (Plaintiff below)*,

v.

REVIEW BOARD OF THE INDIANA
DEPARTMENT OF WORKFORCE
DEVELOPMENT AND CENVEO
CORPORATION,

*Appellees (Defendants below)*.

Appeal from the Review Board of the Department of Workforce Development, No. 08-R-01919

On Petition to Transfer from the Indiana Court of Appeals, No. 93A02-0808-EX-00771

**June 1, 2010**

**Sullivan, Justice.**

The Review Board of the Department of Workforce Development denied Lisa M. Beckingham unemployment benefits for violating her employer's no-fault attendance rule. In accordance with another case we decide today, Giovanoni v. Rev. Bd. of Ind. Dep't of Workforce

<u>Dev.</u>, – N.E.2d –, No. 93S02-0907-EX-311, slip op. (Ind. June 01, 2010), we hold that such a rule does not obviate the statutory mandate to analyze whether, under the totality of the circumstances, the employee's absenteeism is the result of circumstances beyond that employee's control.

## Background

Beckingham was a purchasing agent employed from August, 1997, through January, 2008, by Cenveo Corporation ("Cenveo"). She was discharged for violation of Cenveo's attendance policy. Cenveo's written attendance policy addressed both excused and unexcused absences. Among other components of the policy, four "occurrences" of unexcused absence or tardiness in any 12-month period, or 13 occurrences of excused absence or tardiness in any 12-month period, subjected an employee to termination. The policy implemented progressive discipline, including written warnings as an employee's number of occurrences accrued.

Beckingham accumulated 14 ½ excused and unexcused occurrences in a 12-month period. Most, but not all of her absences, were the result of personal illness, illness of Beckingham's children, or various difficulties involving daycare. Progressive discipline was implemented as these occurrences accrued. Although Cenveo recognized the difficulties of Beckingham's situation as a single mother of two young children and allowed for some leniency,[1] she was terminated after accumulating 14½ occurrences in a 12-month period.

Upon termination, Beckingham sought unemployment benefits. A claims deputy for the Department of Workforce Development denied her request. Following a hearing, an administrative law judge ("ALJ") entered findings of fact and conclusions of law holding that Beckingham had been fired for just cause and therefore affirming the deputy's decision. The Review Board affirmed the ALJ.

---

[1] Minor tardiness resulted in only one-half of an occurrence being charged against the employee. Additionally, an excused absence that occurred over three consecutive days was charged against the employee as a single occurrence only.

A divided panel of the Court of Appeals affirmed, holding that Beckingham was discharged for just cause pursuant to reasonable attendance rule under Indiana Code section 22-4-15-1(d)(2) and therefore was not entitled to unemployment benefits. Beckingham v. Rev. Bd. of Ind. Dep't of Workforce Dev., 903 N.E.2d 477 (Ind. Ct. App. 2009). Judge Najam dissented.

Beckingham sought, and we granted, transfer, thereby vacating the opinion of the Court Appeals. Ind. Appellate Rule 58(A).

## Discussion

At issue in this appeal is whether an employee's discharge pursuant to violation of an employer's "no-fault" attendance rule disqualifies the complainant from receipt of unemployment insurance benefits under Indiana Code section 22-4-15-1(d)(2) ("subsection (d)(2)").[2] In this case, the ALJ and the Board denied Beckingham's application for benefits under subsection (d)(2), reasoning that Cenveo's policy was a reasonable rule and Beckingham's violation of this rule was just cause to disqualify Beckingham from eligibility for unemployment insurance benefits.

In Giovanoni, – N.E.2d –, we hold that while it is permissible for an employer to utilize a "no-fault" attendance policy, "[t]he existence of such a policy does not obviate the statutory mandate [in Indiana Code § 22-4-15-1(d)(3)] to analyze whether, under the totality of the circumstances, the employee's absenteeism is the result of circumstances beyond that employee's control." Id. at *8. In order to be disqualified from eligibility for unemployment compensation benefits "[a]t a minimum, the claimant must have performed some volitional act or have exercised some control over the circumstances resulting in the discharge from employment. In this regard, whether unemployed persons are without fault must be determined upon the facts and circumstances of the individual case." Id. at *6 (citations and internal quotation marks omitted).

---

[2] To make out a prima facie case of termination for just cause based on a violation of an employer attendance rule so as to disqualify a former employee from receiving unemployment insurance benefits under subsection (d)(2), the employer must show that the employee: (1) knowingly violated, (2) a reasonable, and (3) uniformly enforced rule. McClain v. Rev. Bd. of Ind. Dep't of Workforce Dev., 693 N.E.2d 1314, 1318 (Ind. 1998). Beckingham does not challenge the knowledge or uniform enforcement prongs of this standard, but rather whether Cenveo's policy is reasonable as a matter of law.

We decide the same here.

However, whether Beckingham's occurrences were the result of circumstances beyond her control seems less clear than the situation presented in <u>Giovanoni</u>. Because the Board specifically addressed the reasons for some, but not all, of Beckingham's occurrences, we reverse and remand the decision of the Board for additional fact-finding.

## Conclusion

Accordingly, the judgment of the Unemployment Review Board is reversed, and this case is remanded for further proceedings consistent with the views expressed in this opinion.

Shepard, C.J., and Boehm, J., and Rucker, J., concur.

Dickson, J., dissents with separate opinion.

**Dickson, Justice, dissenting.**

On the facts of this case, I believe that the Court of Appeals was correct to affirm the Review Board's determination that Beckingham was discharged for just cause and therefore not entitled to unemployment benefits. Beckingham v. Rev. Bd. of Ind. Dep't of Workforce Dev., 903 N.E.2d 477 (Ind. Ct. App. 2009).